The UNITED STATES of America for the Use and Benefit of KEENER GRAVEL COMPANY, INC., a corporation, Plaintiff,

v.

THACKER CONSTRUCTION COMPANY and The American Insurance Company, Defendants.

No. S77–0076C.

United States District Court,
E. D. Missouri,
Southeastern Division.

Sept. 11, 1979.

William F. Ringer, Powell, Ringer & Ringer, Dexter, Mo., for plaintiff.

Richard G. Steele, Finch, Bradshaw, Strom & Steele, Cape Girardeau, Mo., for defendants.

### MEMORANDUM

WANGELIN, District Judge.

The above entitled action is brought by plaintiff pursuant to the Miller Act, 40 U.S.C. § 270a et seq., seeking payment from defendant Thacker Construction Company as principal and defendant The American Insurance Company as surety on a dual obligee payment bond executed in accordance with a contract for the construction of Karkaghne Drive, a roadway located in a National Forest in Reynolds County, Missouri.

The matter is presently before the Court for a decision on the merits following a trial before the Court sitting without a jury. The Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, the stipulation of the parties, and otherwise being fully advised of the premises hereby makes and enters the following findings of fact and conclusions of law.

### Findings of Fact

1. On June 17, 1975, defendant Thacker Construction Company (hereinafter Thacker), as the prime contractor, entered into a contract with the United States, through the Department of Agriculture and the Small Business Administration, for the construction of Karkaghne Drive, a roadway located in a National Forest in Reynolds County, Missouri.

2. Defendant Thacker and defendant The American Insurance Company (hereinafter American), as surety, duly executed a standard government form payment bond on June 17, 1975 to the United States of America binding defendants as principal and surety jointly and severally liable in the sum of One Hundred Sixty Thousand Four Hundred Thirty One Dollars and Fifty Cents ($160,431.50) conditioned upon prompt payment to all persons supplying labor and materials in the prosecution of the work provided for in the prime contract.

3. Between September 13, 1976 and September 29, 1976, plaintiff Keener Gravel Company, Inc. (hereinafter Keener) supplied a mixture of sand, gravel and other similar road building materials, commonly referred to as Type 2 base road aggregate, i. e., 9,272 yards at a total cost of Forty One Thousand Two Hundred Fourteen Dollars and Two Cents ($41,214.02) for use in the construction of Karkaghne Drive. The status of the contractual relationship between Keener and Thacker is one of the principal fact issues involved in this case. The evidence adduced by the parties was conflicting in this regard and none of the three business entities introduced into evidence any written agreement concerning their contractual status with each other.

4. Roger Laramore was awarded the sub-contract to apply the aggregate to Karkaghne Drive on an oral bid for Five Dollars and Seventy Five Cents ($5.75) a cubic truck yard. Laramore testified that it was his understanding that Keener, as well as his company, were to be paid directly by Thacker since both companies were independent contractors. Keener had agreed to supply the Type 2 base road aggregate at a price of Four Dollars and Forty Cents ($4.40) per yard.

5. On September 13, and 14, 1976, Keener delivered One Thousand Thirty Eight (1,038) yards and One Thousand Two Hundred Eight (1,208) yards, respectively, to the job site. Various tests were then taken of the road aggregate by defendant Thacker and agents of the United States government and subsequently Mr. Vaughn of Keener was informed by Thacker's employee, Paul Kram, that the road aggregate was not meeting Plasticity Index (PI) requirements. The Plasticity Index of road aggregate is a measurement of the amount of soil or adhesive substance in the aggregate which will insure its compacting into a solid mass. When notified of this development Keener immediately ceased delivering any further road aggregate to the job site.

6. On or about September 19, 1976, Mr. Vaughn, Mr. Kram and Mr. Laramore met in Reynolds County. Further tests of the PI had been taken in the interim with inconclusive results. Mr. Vaughn then informed Mr. Paul Kram that either Thacker accept the materials and give Keener the "go-ahead" with the deliveries or the "ballgame" was over and Kenner would pull all its men, equipment and trucks off the job, accept its losses, and allow Thacker to use the aggregate which had already been delivered. Vaughn made it plain to Kram that unless he agreed to pay Four Dollars and Forty Cents ($4.40) for everything that Keener would not go ahead with the job but would not charge anything for what they had done.

Kram then gave Keener the go-ahead and Keener supplied the remaining road aggregate required between September 21, 1976 and September 29, 1976.

7. However the contractual relationship among the parties might have been characterized prior to September 19, 1976, it is clear to this Court that after the September 19, 1976 meeting, Keener was not merely a material man furnishing aggregate to L & L Construction Company as a subcontractor. Viewing the totality of circumstances emanating from the September 19th meeting, the substantiality and importance of Thacker's role in causing Keener to continue the job created at the very least an implied contractual relationship between Thacker and Keener. Thereafter, Keener requested that Thacker include Keener's name as payee on all progress payments made to Laramore, which Thacker did.

8. Although they were not required to do so in light of their contractual relationship with Thacker, Keener sent Thacker monthly statements notifying them that Keener had not been paid for the aggregate showing the balance due and owing. Defendant American, as surety, did not receive notice that Thacker had an unpaid account with Keener until March 7, 1977.

9. From the last date of delivery, September 29, 1976, until March of 1978, Keener was never advised of any problem concerning the road aggregate not meeting PI contract requirements or any set-off in payments between the United States Depart-

ment of Agriculture and Thacker. A contracting officer for the United States government had determined in January of 1977 that although the materials supplied by Keener might be equal to or better than the materials contracted for, since it did not meet the contract specifications the government had only two alternatives. One, to remove the non-conforming materials or two, to accept the materials with an appropriate adjustment in the contract price. It was then determined that the estimated costs of correcting the non-conforming material was Thirty Five Hundred and Forty Four Dollars ($3,544).

10. On December 13, 1976, Keener received partial payment from Thacker for supplying the road aggregate in the amount of Twenty Five Thousand One Hundred and Forty Six Dollars and Twenty Cents ($25,146.20) and on May 9, 1977 Keener received an additional payment of One Thousand Dollars ($1,000) from Thacker.

### Conclusions of Law

█ Keener was in a direct contractual relationship with Thacker at all times relevant to the disposition of this lawsuit. The notice proviso of 40 U.S.C. § 270b(a) is inapplicable. However, Keener did comply with the notice proviso of 40 U.S.C. § 270b(a). Defendant American's objection that it did not receive notice that Thacker had an unpaid account with Keener is inapplicable in that the notice proviso only requires that notice be sent to the contractor furnishing the payment bond. Keener supplied labor and materials of the reasonable value of Forty One Thousand Two Hundred and Fourteen Dollars and Four Cents ($41,214.04) and defendants are entitled to credits of cash payments made by defendant Thacker in the amount of Twenty Six Thousand One Hundred Forty Six Dollars and Twenty Cents ($26,146.20). Defendants are not entitled to a set-off of Three Thousand Five Hundred and Forty Four Dollars ($3,544) occasioned by the dockage for out of specification material because Thacker accepted the materials after the September 14th meeting and thereafter the risk of field inspection approval being rescinded by a higher governmental authority is a risk to be borne by the contractor and not by Keener. Plaintiffs are entitled to a judgment in the amount of Fifteen Thousand Sixty Seven Dollars and Eighty Four Cents ($15,067.84) and judgment for the plaintiff will be entered in accordance with this Memorandum.